IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

        Plaintiff,

  Vs.                        Nos.  10-40091-01-SAC
                                          11-4085-SAC

ANDRES MARTINEZ,

        Defendant.


MEMORANDUM AND ORDER

From May to July of 2010, Andres Martinez arranged and sold high-purity methamphetamine to an undercover officer on three separate occasions.  The grand jury charged Martinez with three counts of distributing methamphetamine, four counts of traveling in interstate commerce to promote his methamphetamine distribution enterprise, and one count of criminal forfeiture.  Martinez pleaded guilty to all counts without the benefit of a plea agreement, and the court sentenced him to the statutory minimum term of 120 months on each distribution count and to 60 months on each interstate travel count with the terms on all counts running concurrently. Taking no direct appeal from his convictions and sentence, Martinez timely filed his motion to vacate under 28 U.S.C. § 2255.  (Dk. 35).  He argues his counsel was ineffective in not timely filing objections to the presentence report ("PSR") and in failing to argue effectively for a minor role reduction

and sentencing entrapment, in not applying and arguing for the safety valve exception, and in not preserving these issues for appellate review. The court finds that the defendant has not carried his burden of proving ineffective assistance of counsel.

**STANDARDS GOVERNING § 2255 MOTIONS**

To grant relief under § 2255, the court must determine "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. "Review under § 2255 is not an alternative to appellate review for claims that could have been presented on direct appeal but were not." *United States v. Magleby*, 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied*, 547 U.S. 1097 (2006). The defendant here did not take a direct appeal so he must overcome this procedural bar by showing either of "two well recognized exceptions" are applicable here. *See United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied*, 544 U.S. 904 (2005). First, the movant must show good cause for not raising the issue earlier and actual prejudice to the movant's defense if the issue is not considered. *Id.* Cause may "be established by showing that counsel rendered constitutionally ineffective assistance." *United States v. Wiseman*,

297 F.3d 975, 979 (10th Cir. 2002) (citations omitted).  Second, the "'failure to consider the federal claims will result in a fundamental miscarriage of justice.'"  *Cervini*, 379 F.3d at 990 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *see Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (a showing of actual innocence meets the fundamental miscarriage of justice prong).

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI; *Kansas v. Ventris*, 129 S.Ct. 1841 (2009).  To prevail on a claim of ineffective assistance of counsel, the defendant must prove two prongs:  first, "that his 'counsel's representation fell below an objective standard of reasonableness,' *Strickland v. Washington*, 466 U.S. 668, 688 (1984)," and second, "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' *id*. at 694." *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2005).  "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."  *Strickland v. Washington*, 466 U.S. at 697.

On the first prong of objective reasonableness, a court may not find a constitutional deficiency unless defense counsel's performance is

3

"completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999), *cert. denied*, 528 U.S. 1167 (2000). Proof must show the counsel's conduct was not "within the wide range of competence demanded of attorneys in criminal cases." *United States v. Blackwell*, 127 F.3d 947, 955 (10th Cir. 1997) (quotation and citations omitted). A court is highly deferential in its review of the attorney's performance. *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 281 (1986).

The movant's burden on the second prong of prejudice is to show here that but for counsel's constitutionally ineffective performance there was a reasonable probability that the outcome of his conviction or sentence would have been different. *See Strickland*, 466 U.S. at 694; Boyd v. Ward, 179 F.3d at 914. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The court is to hold an evidentiary hearing "unless the [§ 2255] motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995). The defendant has the burden to

allege facts that would entitle him or her to relief upon proof. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996). "[T]he allegations must be specific and particularized, not general or conclusory." *Id*. No hearing is necessary here, because the record conclusively establishes Martinez is not entitled to § 2255 relief.

## DENIAL OF SAFETY VALVE EXCEPTION

Martinez asserts his readiness to comply with the safety valve requirements following his arrest, but his counsel failed to arrange for the defendant to obtain this relief and failed to request this relief at sentencing. Martinez comes forward with no facts to support this claim that is otherwise fully contradicted by record. His counsel did object to the PSR not providing this reduction, but the court overruled the objection:

> The defendant also objects arguing he meets the criteria for the safety valve adjustment in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f) and is entitled to the two-level reduction afforded in U.S.S.G. § 2D1.1(b)(11). A defendant may receive a two-level deduction pursuant to U.S.S.G. § 2D1.1(b)(11) if he meets the criteria in subdivisions (1)-(5) of U.S.S.G. § 5C1.2 (a). Based on the government's response, the only issue appears to be whether the defendant has complied with the fifth criteria by "truthfully provid[ing] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). The burden rests with the defendant to prove he meets all five criteria. *United States v. Virgen-Chavarin*, 350 F.3d 1122, 1129 (10th Cir. 2003). Section 5C1.2 requires a defendant to not only be truthful but to be complete and disclose everything he knows about the offense of conviction and relevant conduct. *United States v. Salazar-Samaniega*, 361 F.3d 1271, 1276-77 (10th Cir.), *cert. denied*, 543 U.S. 859 (2004). The

> defendant offers the court no factual basis for finding that he has made a truthful and complete disclosure on the offense of conviction and relevant conduct.

(Dk. 29, pp. 4-5).

Martinez plainly did not qualify for the safety valve exception, as the government represented that the defendant had not provided "reliable information." (PSR, Dk. 25, ¶ 80). Martinez argues "he was only required to provide a statement regarding his own personal activities." (Dk. 36, p. 3). In committing these offenses, Martinez was accompanied two times by an unknown male, and he made statements referring to a partner and to his own efforts at locating a new source for methamphetamine. (PSR, Dk. 25, ¶¶ 11, 13, 14, 15). To qualify for the safety valve, a defendant must truthfully provide the government with "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). So "[w]hen the offense involves conspiracy or a jointly undertaken criminal venture, we require the defendant to disclose not only everything he knows about his own actions, but also everything he knows about his co-conspirators." *United States v. Stephenson*, 452 F.3d 1173, 1180 (10th Cir. 2006) (citations omitted). The defendant's bare assertion that he provided all information and evidence to the government certainly is undermined by his own erroneous understanding of what the law

required him to provide. Because the government's representation of record

that Martinez did not truthfully provide all information and evidence as to

qualify for the safety valve exception under § 3553(f)(5) is not effectively

contested, the defendant cannot prevail in challenging his counsel's

effectiveness in arguing and pursuing this exception.

**DENIAL OF A MINOR ROLE REDUCTION**

The sentencing court addressed counsel's objection requesting

this reduction and overruled it. (Dk. 29). The court found that Martinez had

not carried his burden of proving this reduction simply by asserting he was a

drug courier:

> The defendant labels himself a runner of drugs for the true drug
> dealer. The label of drug courier, by itself, does not qualify or
> disqualify a defendant from the mitigating role adjustment. The Tenth
> Circuit recently restated its recognition that "'[d]rug couriers are an
> indispensable component of drug dealing networks" and have "refused
> to adopt a per se rule allowing a downward adjustment based solely on
> a defendant's status as a drug courier.'" *Id.* [*United States v. Eckhart*,
> 569 F.3d 1263, 1276 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1752
> (2010)] (quoting *United States v. Rangel-Arreola*, 991 F.2d 1519,
> 1524 (10th Cir.1993). "To debate whether couriers as a group are less
> culpable would not be productive, akin to the old argument over which
> leg of a three-legged stool is the most important leg." *United States
> v. Martinez*, 512 F.3d 1268, 1276 (10th Cir.) (internal quotation marks
> and citation omitted), *cert. denied*, 553 U.S. 1046 (2008). Thus, a
> role reduction must "turn on the defendant's culpability relative to
> other participants in the crime." *Id.* . . . .
> The defendant asserts he had been a runner for only a short
> time. The uncontested facts appearing in the PSR fail to sustain the
> defendant's burden of proof for a role reduction. There is no factual
> basis here for inferring the defendant is substantially less culpable
> than the average participant in this drug distribution conspiracy. He
> served as the contact person and handled phone calls from the

undercover buyers.  He arranged several transactions and negotiated the terms of the sales, including price and quantity.  He expressed knowledge of the drugs having been weighed and prepared for sale.  The defendant's level of involvement, his apparent authority in the transactions, and his statements are more indicative of the defendant working as a partner rather than as a mere courier.  Based on what has been presented, the defendant's culpability weighs against a role reduction.  Even if the facts were to sustain a role reduction, the bottom of the defendant's guideline sentencing range would not change because of the mandatory minimum term fixed by statute.

(Dk. 29, pp. 2-4).  Martinez does not come forward with any arguments or facts that his counsel failed to advance in support of this requested role reduction.  At sentencing, the court did consider and reject the points that Martinez now repeats for his § 2255 claim.  Because Martinez received the statutory minimum sentence, he cannot show prejudice from not obtaining a role reduction unless he also proves his safety valve claim.  Martinez is unable to prove either of the *Strickland* prongs.

**FAILURE TO RAISE SENTENCING ENTRAPMENT ARGUMENT**

Martinez does not present any reasons or facts in support of this conclusory claim.  A party may raise sentencing entrapment either as a downward departure request based on outrageous governmental conduct or as a variance request based on sentencing factor manipulation.  *United States v. Beltran*, 571 F.3d 1013, 1019 (10th Cir. 2009).  If this argument for a variance or departure had been presented, the court could not have imposed a shorter sentence here because of the applicable statutory minimum sentence.  *See United States v. Verners*, 103 F.3d 108, 111 (10th

8

Cir. 1996) ("[D]istrict court has no discretion to depart from a statutory minimum sentence for § 3553(b) mitigating circumstances." (citation omitted)). This sentencing court lacked any discretion to grant relief for such a request, and the court of appeals on review could not have relied on this request or theory to alter the defendant's sentence. *United States v. Fulton*, ---Fed. Appx.---, 2011 WL 3733864 at *2 (10th Cir. 2011). Absent relief on his safety valve claim, the defendant is unable to prove either *Strickland* prong. *See United States v. Fulton*, 2011 WL 1484174 at *8 (D. Kan. 2011), *aff'd,* 2011 WL 3733864 (10th Cir. 2011).

**FAILURE TO PRESERVE ISSUES FOR APPELLATE REVIEW**

The record establishes that trial counsel did preserve for appellate review the issues on role reduction and the safety valve exception. Counsel objected to the PSR, and the court overruled both objections. (Dk. 29). Martinez has shown no prejudice from his counsel's failure to seek a departure or variance for sentencing entrapment or manipulation. As stated above, the sentencing court lacked discretion to impose any sentence less than mandatory minimum, and the appellate court likewise could not grant such relief on this theory.

As now required by Rule 11 of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such a

certificate "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). The above rulings are not of a kind or quality that a reasonable jurist could debate whether the defendant's arguments should have been resolved differently or whether the issues are worthy of more consideration. The court will not issue a certificate of appealability for this order.

IT IS THEREFORE ORDERED that the defendant's motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 35) and supporting memoranda of law (Dks. 36 and 43) are denied;

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated this 15th day of November, 2011, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge